UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  CR NO. 05-195 (JMF)

RALPH L. PRICE,

   Defendant.

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. Defendant was arrested at the 2400 block of Irving Street, SE Washington, D.C., on June 25, 2005, pursuant to a bench warrant issued on June 8, 2005 for defendant's failure to appear for a status hearing on alleged drug and firearm violations.

2. On supervised release pending trial on these drug and firearm charges, defendant committed the following violations of the terms of that release:

   a. Four (4) curfew infractions;

   b. Nineteen (19) violations of electronic monitoring;

    c.    Five (5) controlled substance violations in which defendant tested positive for illegal drugs;

    d.    Removal of his electronic monitoring device; and

    e.    Failure to meet with probation officer.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a.    His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    a.    Past conduct, history relating to drug or alcohol abuse;

    b.    Criminal history;

    c.    Record concerning appearance at court proceedings;

    d.    Whether, at the time of the current offense or arrest, the person was on probation,

>parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Defendant is charged with violating the Bail Reform Act by failing to comply with the terms of his supervised release, including drug possession and consumption, as he awaits trial on charges that he violated the Controlled Substance Act and that he used and carried a firearm during a crime of violence.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant was born in Ohio but has lived in the Washington, D.C. area his entire life. He been unemployed and living with his mother for six months. He has two children, but they do not reside with defendant.

**The weight of the evidence**. Defendant has conceded to the violations of his supervised release.

**History relating to drug or alcohol abuse**. Although defendant indicated he has never used illegal substances in his statement to D.C. Pretrial Services, he tested positive for the time of his pretrial services report and tested positive five times while on supervised release on the pending charges.

**Record concerning appearance at court proceedings and prior criminal record**.

Defendant failed to appear for his June 8, 2005 status hearing, and he had no contact with Pretrial Services from June 2, 2005 until he returned to custody on June 25, 2005.

**Whether on probation or parole at the time of the present offense.** Defendant was on supervised release when he failed to appear, and he has committed numerous violations of the terms of his supervised release pending trial.

Given defendant's contumacious behavior and utter refusal to comply with the terms of his supervised release, I conclude that there are no conditions I could set that would reasonably assure this defendant's appearance or that the would not commit new crimes if released and that he should be detained pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: