UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 05-195 (JR) |
| RALPH LAMONT PRICE, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT RALPH PRICE'S MOTION TO REVIEW BOND STATUS

Mr. Ralph Price, the defendant, through undersigned counsel, respectfully submits this Motion to Review his Bond Status. Mr. Price, who has never been afforded drug treatment of any kind, respectfully moves this Court to order that he be placed in an inpatient drug treatment program under the supervision of Pretrial Services. In support of this motion, Mr. Price submits the following:

1. Mr. Price was arrested on April 26, 2005 and charged by criminal complaint with the unlawful possession of cocaine base. On April 27, 2005, Mr. Price appeared before the Magistrate Judge. The Magistrate ordered Mr. Price released into the High Intensity Supervision Program (HISP). In so ruling, the Magistrate noted the fact that Mr. Price has no felony convictions. See Ex. 2 (Bail Sheet). Mr. Price's only prior experience with the criminal justice system involved a traffic offense. See id.

2. On May 24, 2005 Mr. Price was charged by a three-count indictment with one count of unlawful possession with intent to distribute 5 grams or more of cocaine base; one count of unlawful possession with intent to distribute phencyclidine; and one count of using, carrying and

possessing a firearm during a drug trafficking offense. Mr. Price was arraigned and plead not guilty on June 29, 2005. This matter is set down for a status conference before the Court on July 13, 2005.

    3. At the time of his arraignment, the Government moved to revoke Mr. Price's release based on a report filed by the Pretrial Services Agency (PSA).[1] See Ex. 1 (PSA Report). The report requested Mr. Price's removal from PSA supervision based on a host of violations of his conditions of release. Defense counsel did not oppose revocation but asked that Mr. Price be given an opportunity – his first opportunity–to participate in inpatient drug treatment as an alternative to jail. Without addressing the defense's request for drug treatment, the Magistrate Judge revoked Mr. Price and ordered that he be held without bail at D.C. Jail..

    4. Mr. Price's violations of his release condition were flagrant. It is equally clear, however, that Mr. Price's violations--which do not include any new arrests or criminal activity aside from new drug use-- are the direct result of a serious drug problem. Mr. Price is fully aware that he is an addict and implores the Court to afford him drug treatment of whatever kind deemed appropriate by the Court and the PSA.

    **WHEREFORE**, for the foregoing reasons, Mr. Price respectfully moves this Honorable Court to order Mr. Price into a drug treatment program of whatever kind deemed appropriate. Mr. Price also requests a hearing on this matter.

---

[1] It should be noted that the Government, in moving to revoke Mr. Price's pretrial release, failed to comply with the requirements of the bond revocation statute, 18 U.S.C. § 3148(b). That section states that "[t]he attorney for the Government may initiate a proceeding for revocation of an order of release <u>by filing a motion</u> with the district court." (emphasis added). The Government failed to file a motion in this case, and relied instead on an oral motion. This issue was raised with the Magistrate Judge but for unclear reasons he declined to require the Government to comply with the statute and file a revocation motion.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20001
(202) 208-7500