UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **Criminal No.: 05-0195 (JR/JMF)** |
| **v.** : | |
| : | |
| **RALPH L. PRICE,** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S WRITTEN MOTION TO REVOKE
### DEFENDANT'S RELEASE PENDING TRIAL

***COMES NOW***, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully to move in writing to revoke defendant's release pending trial because he violated his release conditions and broke bail. No written order is needed nor included as the Court earlier granted the motion. In support whereof, we submit as follows:

1. U.S. Magistrate Judge J. M. Facciola revoked defendant's release pending trial on June 28, 2005, granting the Government's verbal motion previously made during an earlier hearing in open Court in defendant's presence. At that time, defense counsel objected to the Court granting the motion because the Government had not filed a written motion. The Government responded that the Federal Rules of Criminal Procedure and the applicable section of the Bail Reform Act do not require a written motion to revoke under the circumstances of this case at that time. After observing that any requirement for a written motion could be met – at least theoretically – by writing it in manuscript on a piece of paper such as a bail violation report from the Pre-Trial Services Agency, U.S. Magistrate Judge Facciola asked Government counsel to file a written motion.

2. Title 18 U.S.C., Section 3148 states:

   **(a) Available sanctions.** -- A person who has been released under section 3142 of this title, and who has violated a condition of his

release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

**(b) Revocation of release.** -- The attorney for the government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. . . . To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer --

    (1) finds that there is --

        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

        (B) clear and convincing evidence that the person has violated an other condition of release and

    (2) finds that

. . . . . . .

        (B) the person is unlikely to abide by an condition or combination of conditions of release.

3.     Rule 47 of the Federal Rules of Criminal Procedure states:

    **(a) In General.** A party applying to the court for an order must do so by motion.

    **(b) Form and Content.** A motion – except when made during a trial or hearing – must be in writing, unless the court permits the party to make the motion by other means. . . .

Fed.R.Crim.P. 47.

4.      Counsel for defendant verbally opposed the verbal motion to revoke release when heard and granted earlier in court. Because this motion already has been granted, no proposed written order is included.

*WHEREFORE*, the United States respectfully prays this Honorable Court grant this motion after a hearing on the grounds for the revocation, and to order that defendant be detained without bond pending sentencing.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN
U.S. ATTORNEY, D.C. Bar No. 451058

_____

BARRY WIEGAND, Bar No. 424288
Assistant U.S. Attorney
Narcotics Section
555 Fourth Street, NW, Fourth floor
Washington, D.C. 20001
(202) 514-7315
(202) 514-8707 (fax)
William.B.Wiegand@USDoJ.Gov

## CERTIFICATE OF SERVICE

I certify that I have caused service of the foregoing to be made by having it filed through "ECF" with the hope and understanding that this gets a copy to counsel for defendant, Mr. Jonathan Jeffress, Esq., Assistant Federal Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004 (202) 208-7500; (202) 208-7515 (fax); Jonathan_Jeffress@fd.org . Just in case, I also am sending a copy to him by e-mail.

_____

Barry Wiegand, AUSA