FILED

APR 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :    Criminal No. 05-195 (JR)
                            :
v.                          :
                            :
RALPH PRICE,                :

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSE:

   A.  The defendant is pleading guilty to Count One of the indictment, Unlawful Possession with Intent to Distribute More Than 5 Grams of Cocaine Base, in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B)(iii). The essential elements of this offense are:

   1.  That the defendant possessed a controlled substance, crack cocaine;

   2.  That the defendant did so knowingly and intentionally;

   3.  That when the defendant possessed the crack cocaine, he had the specific intent to distribute it;

   4.  That the controlled substance, crack cocaine, weighed more than 5 grams.

II.  COPY OF THE PLEA AGREEMENT:

   A copy of the plea agreement, not yet executed by the defendant, is attached.

III.  PENALTIES:

   A.  Pursuant to Title 21 U.S.C. Section 841(b)(1)(B)(iii), the offense of Possession

with Intent to Distribute 5 Grams or More of Cocaine Base carries a maximum penalty of 40 years imprisonment, a minimum penalty of 5 years imprisonment, a $2,000,000 fine, and four years of supervised release.

IV.  FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

A.  If this case had gone to trial, the government's evidence would have shown the following beyond a reasonable doubt:

1.  On April 26, 2005, agents with the Federal Bureau of Investigation ("FBI") Safe Streets Gang Task Force executed a search warrant at the defendant's home, 3407 13th Place, S.E. #301, Washington, DC. When the agents arrived at the defendant's home to execute the search warrant, they found the defendant and his girlfriend, Wilinda Barron, in a bedroom inside the apartment. In the same bedroom, the agents recovered two plastic baggies containing a white rock substance from inside a man's jacket, which was hanging on the closet door. Also in that bedroom, the agents recovered a small plastic baggie containing a white rock substance from inside a pair of sweat pants in the room. In those sweat pants were a set of car keys which the defendant stated belonged to him. From under the mattress on which the defendant had been seen laying, the agents recovered a glass vial containing suspected Phencyclidine ("PCP"). Also found in the bedroom was mail matter and an ID in the name of the defendant and Wilinda Barron. Numerous photos of the defendant were found through-out the apartment.

The defendant was placed under arrest. He was read his <u>Miranda</u> rights, and waived them. The defendant provided the agents with a written statement in which he admitted that he lived in apartment #301 with his girlfriend and that the crack cocaine and the PCP were all possessed by him, and that his girlfriend had no knowledge of the drugs.

2

2. All of the suspected drugs were sent to the DEA Mid-Atlantic laboratory and were analyzed by a forensic chemist. The white rock substance recovered from the jacket was determined to be 14.5 grams of crack cocaine. The white rock substance recovered from the sweat pants was determined to be .38 grams of crack cocaine. The substance in the glass vial was determined to be 5.9 milliliters of PCP.

3. An expert witness would have testified at trial that the quantity and weight of the crack cocaine recovered from the bedroom is consistent with the quantity and weight of drugs that are intended to be distributed, rather than consumed for personal use.

4. The government's evidence at trial would also have demonstrated that found underneath the bedroom mattress on which the defendant was seen laying, next to a vial of PCP, was an operational Haskell Modell JS .45 caliber handgun, loaded with six (6) rounds of .45 caliber ammunition. The defendant asserted in his post-arrest, post-rights statement that he was the owner of the handgun and that his girlfriend, Ms. Barron, had no knowledge of it. The defendant has repudiated that portion of his statement regarding the handgun. The defendant asserts that he did not possess the gun or the ammunition, and that the handgun and ammunition were Ms. Barron's. Ms. Barron has claimed ownership of the handgun and ammunition.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
G. MICHAEL HARVEY
Assistant United States Attorney
U.S. Attorney's Office, Room 4243
555 4th Street, N.W.
Washington, D.C. 20001
(202) 305-2195

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, John Jeffress, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 4/10/06    *Ralph Price*
Ralph Price

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 4/10/06    
John Jeffress, Esquire
Attorney for Defendant