UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Case No. 05-195 (JR) |
| : | |
| v. : | |
| : | |
| RALPH PRICE : | |

**GOVERNMENT'S MOTION FOR AN ORDER FINDING
WAIVER OF ATTORNEY-CLIENT PRIVILEGE WITH RESPECT
TO THE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL
RAISED IN PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE AND JUDGMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court issue an Order that: (1) finds that the petitioner has waived the attorney-client privilege in relation to the claims of ineffective assistance of counsel he has raised in his § 2255 petition regarding his former counsel, Jonathan Jeffress, Esq.; and (2) permits Mr. Jeffress to discuss his representation of the petitioner with the government, to disclose to the government any documents in his possession that relate to the petitioner's post-conviction claims; to testify at an evidentiary hearing, if necessary; and to provide an affidavit, if necessary, relating to the petitioner's claim, with respect to his representation of the petitioner in this case. In support of this request, the government represents as follows:

1. Petitioner has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

2.  He alleges therein that Mr. Jeffress was constitutionally ineffective in that he : a) negotiated a plea agreement on petitioner's behalf; b) failed to challenge the grand jury process and indictment in this case; and c) failed to challenge the application of the sentencing guidelines in this case.  See Petitioner's Motion at 4.

3.  The government is preparing to file a response to petitioner's motion, and will need to discuss petitioner's allegations with Mr. Jeffress in order to do so.  However, on November 1, 2007, Mr. Jeffress expressed to government's counsel that he would be willing to talk with the government about petitioner's motion only after the Court has ordered him to do so.  Although the government maintains that an Order from the Court is not necessary, because the petitioner has waived his attorney-client privilege by challenging the constitutional adequacy of Mr. Jeffress's representation, the government hereby seeks an Order finding that petitioner has waived his attorney-client privilege with respect to his claim that Mr. Jeffress's representation of him in this case was constitutionally ineffective.

4.  It is well settled that a petitioner waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel.  See, e.g.,In re Sealed Case, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege"); Byers v. Burleson, 100 F.R.D. 436, 440 (D.D.C. 1983) (finding that the plaintiff waived the attorney-client privilege in his legal malpractice case against his former lawyer because the information the defendant attorney sought in discovery was necessary to resolve the precise issue the plaintiff interjected into the case); United States v. Wiggins, 184 F. Supp

673, 677-678 (D.D.C 1960) (finding that where a client assails his attorney's conduct of his case, the privilege as to confidential communications is waived); see also Bittaker v. Woodford, 331 F.3d 715, 716-717 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer"); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices"); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (finding that when the client calls into public question the competence of his attorney, the attorney-client privilege is waived); Laughner v. United States, 373 F.2d 326, 327 & n. 1 (5th Cir. 1967) (client waives attorney-client privilege by attacking the attorney's performance of his duties).

5. Although some cases note that waiver is appropriate because it would be unconscionable to preclude an attorney from defending himself against allegations of ineffectiveness, see Tasby, 504 F.2d at 336; Wiggins, 184 F. Supp. at 677-678, others make clear that waiver occurs whenever the client has put privileged matters at issue and not just in those cases where counsel seeks to defend himself against such allegations. See, e.g., Byers, 100 F.R.D. at 440 (privilege waived because information was necessary to resolve issue plaintiff raised); Laughner, 373 F.2d at 327 (defendant cannot preclude government's

        inquiry into one area of evidence likely to contradict his claims in support of motion for new trial).

6. Here, by filing his § 2255 motion, petitioner has put Mr. Jeffress's representation, including his advice and counsel, directly in issue. He has, therefore, waived the attorney-client privilege with respect to Mr. Jeffress's representation.

7. It is clear to the government, based on Mr. Jeffress's request that the government obtain a ruling from this Court, that Mr. Jeffress will not discuss the case, submit an affidavit, or testify at an evidentiary hearing (if necessary) absent a ruling from this Court that the petitioner has waived his attorney-client privilege.

8. Accordingly, the government requests that the Court issue an Order: 1) finding that the attorney-client privilege has been waived with respect to the ineffective assistance claims that petitioner has raised regarding Mr. Jeffress's representation in this case; and 2) authorizing Mr. Jeffress to discuss with the government the post-conviction claims raised by the petitioner in his § 2255 motion; to provide to the government copies of any documents relevant to the ineffective assistance claims the petitioner has raised; to testify at any evidentiary hearing; and to submit an affidavit, if necessary, with respect to petitioner's post-conviction claim about him.

        **WHEREFORE**, the government respectfully requests that the Court grant the instant motion. A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section


\_\_\_\_\_/s/_____
TRICIA D. FRANCIS
Assistant United States Attorney
D.C. Bar Number 457-800
555 4th Street, N.W.
Special Proceedings Section (10th Floor)
Washington, D.C.  20530
(202) 353-9870
Tricia.D.Francis@usdoj.gov

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that, this 1st day of November 2007, a copy of the foregoing Motion and proposed Order has been served via the United States District Court for the District of Columbia's ECF program upon former counsel, Jonathan Jeffress, Assistant Federal Public Defender.

                /s/
                Tricia D. Francis
                Assistant United States Attorney