**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

DEC 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RALPH LAMONT PRICE,                    :
                                          :
        Petitioner,                  :
                                          :
        v.                           : Crim. Action No. 05-0195 (JR)
                                          :
UNITED STATES OF AMERICA,              :
                                          :
        Respondent.                  :

## ORDER DENYING MOTION TO VACATE

A search warrant executed at the home of Ralph Lamont Price turned up almost 15 grams of crack cocaine, a small quantity of PCP, and a firearm. Price was arrested and informed of his <u>Miranda</u> rights, at which point he waived his rights and confessed that both the drugs and the gun were his. He later repudiated his statement that the gun belonged to him, and, pursuant to a deal negotiated by his attorney, pleaded guilty only to possession with intent to distribute more than 5 grams of crack cocaine. At sentencing, I determined that Price was responsible for possession of the firearm, thus rendering him ineligible for the Guidelines "safety valve," but sentenced him only to the mandatory minimum sentence of 5 years for possession of more than 5 grams of crack. Now incarcerated, he brings the instant petition to vacate his conviction under 28 U.S.C. § 2255.

The petition brings four kinds of claims: (1) that I misapplied the Sentencing Guidelines; (2) that his lawyer should have required the Government to prove that the drug he possessed

was cocaine base as required by United States v. Brisbane, 367 F.3d 910 (D.C. Cir. 2004); (3) that his lawyer should have required the Government to prove intent to distribute; and (4) that his plea deal was coerced by his lawyer, who also ineffectively represented him by failing to challenge the indictment, the grand jury process, and the Sentencing Guidelines. None of these claims has enough merit to require a further evidentiary hearing before ruling upon them.

Petitioner's challenges to the application of the Sentencing Guidelines must be rejected because he cannot prove prejudice. He was sentenced to the mandatory minimum sentence, and thus the application of the Guidelines to his crime had no effect upon his sentence – prejudicial or otherwise.

Petitioner's remaining challenges are all claims of ineffective assistance by his trial counsel. To succeed, he would have to show objectively unreasonable conduct by his lawyer and that his lawyer's failure to meet professional standards caused him prejudice. See, e.g., Strickland v. Washington, 466 U.S. 668, 687-690 (1984). He cannot do so with respect to any of his claims.

The essential issue is whether the decision to plead guilty was prejudiced by ineffective assistance of counsel – if it was not, the decision not to put the government to the proof on the crack and intent issues would have been a sound matter of

strategy entailed by the decision to plead.  Petitioner's
attorney, an experienced and respected lawyer on the staff of the
Federal Public Defender for this district, has submitted a
detailed affidavit [54, Exhibit 1] stating that the petitioner
made an informed decision to plead guilty, and I so found after
an extended plea colloquy.  Petitioner's lawyer states that he
engaged in considerable negotiations to attempt to avoid the
mandatory minimum sentence, but was unable to do so.  He then
explained the sentencing possibilities to his client, who
accepted the plea offer and stated in open court that he did so
of his own free will.  The plea was a sound matter of trial
strategy because defendant had already confessed to the crime,
the evidence against him was strong, and the plea erased a gun
charge which could have subjected petitioner to an additional,
and consecutive, mandatory sentence of 5 years.  His lawyer's
suggestion that he accept the deal was reasonable, there is no
evidence to suggest that petitioner was coerced into accepting
the offer, and there is considerable evidence to the contrary.
Given the legitimate decision to plead, the decision not to
require the Government to prove that the substance at issue was
crack or that he had intent to distribute was plainly reasonable.

   The petitioner also suggests that his lawyer should
have challenged the indictment and the grand jury process.  The

petition does not suggest what error existed, however, and there
is no suggestion of any irregularities.

The motion to vacate under 28 U.S.C. § 2255 is **DENIED.**


_____
JAMES ROBERTSON
United States District Judge